# In the United States Court of Federal Claims

No. 23-1985C
Filed: November 28, 2023
NOT FOR PUBLICATION

---

**CRAIG ANDREW HENDRICKS,**

*Plaintiff,*

**v.**

**UNITED STATES,**

*Defendant.*

---

### MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

The plaintiff, Craig Andrew Hendricks, a resident of Kansas, proceeding *pro se*, filed this action on November 13, 2023. The complaint was docketed on November 21, 2023. The complaint fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims and is dismissed pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006).

Even when a plaintiff is proceeding *pro se*, the complaint must satisfy basic pleading requirements. One such requirement is to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a complaint fails to do so, a court "may dismiss *sua sponte* under Rule 12(b)(6)." *Anaheim Gardens*, 444 F.3d at

---

[1] Concurrent with the complaint, the plaintiff filed an application for leave to proceed *in forma pauperis*. Based on the information contained in that application, the plaintiff is eligible to proceed *in forma pauperis*. Because the complaint is frivolous, however, the motion for leave to proceed *in forma pauperis* is **DENIED**.

1315.  For example, a court may dismiss a plaintiff's complaint without a motion by the defendant when a claim is based on "frivolous allegations" that are "insufficient to state a plausible claim for relief."  *Wickramaratna v. United States*, No. 2022-1786, 2022 WL 17495907, at *1 (Fed. Cir. Dec. 8, 2022) (*per curiam*).  "A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*.  As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain.  *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  In construing a *pro se* litigant's pleadings liberally, a court does not become an advocate for that litigant.  Rather, a court ensures that a *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

The handwritten complaint on the Court's standard complaint form for *pro se* litigants seeking to proceed *in forma pauperis* notes in full:

> "I have been killed many times in the past just after I earn all money.  I have earned it all once again.  Please see my evidence on [website URL] + check the past evidence of the conspiracy against me on [different website URL].  I am not God.  God is genderless and is a spirit.  The Claims Court is about a dollar amount and the Supreme Court is about changing law.  You are the only court in my country with grounds to try this case."

In the section of the form labeled Statement of the Claim, the plaintiff simply refers to this language.  In the section in which a claimant may state the relief being sought, the plaintiff requests: "Correct the grievance.  Save the people.  Make people happy.  By trying my case properly by law."

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act waives the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is: "(1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained," unless arising from a tort. *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing, *inter alia, United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)).

Under the Tucker Act, the Court of Federal Claims does not have jurisdiction over any defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"); *United States v. Jones*, 131 U.S. 1, 9 (1889). Accordingly, to the extent a complaint seeks damages from defendants other than the United States, the Court of Federal Claims lacks jurisdiction to consider those claims, and the complaint must be dismissed against any defendants other than the United States for lack of jurisdiction.

The plaintiff's complaint fails to identify any claim against the United States. Although the complaint refers to money and notes the plaintiff's understanding that the Court of Federal Claims is "about a dollar amount," it does not allege that any action of the United States has caused the plaintiff monetary harm. There is no allegation that the plaintiff has a contract with the United States, that the United States took the plaintiff's property, that the United States has failed to pay the plaintiff, or that the United States has illegally exacted funds from the plaintiff. The complaint is opaque as to the basis for any claim against the United States founded on a money-mandating provision of law. In the absence of any basis for imposing monetary liability on the United States, the complaint must be deemed frivolous. Under 28 U.S.C. § 1915(e)(2) (B)(ii), a frivolous complaint in an action being pursued *in forma pauperis* must be dismissed.

Even construed liberally, the complaint fails to state a plausible claim for relief within the Court of Federal Claim's jurisdiction and is frivolous. Accordingly, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and RCFC 12(b)(1) and 12(h)(3).[2] The Clerk is **DIRECTED** to enter judgment accordingly. Pursuant to 28 U.S.C. § 1915(a)(3), any appeal filed by the plaintiff would not be taken in good faith. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

---

[2] Under 28 U.S.C. § 1631, a court must consider whether to transfer a complaint being dismissed for lack of jurisdiction to a federal court that could exercise jurisdiction. Because the complaint fails to identify a basis for suing any party, transfer to another federal court is not appropriate.